[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Nicholas Pelliccio, has moved to dismiss two attachments of real property instituted by the plaintiff without prior court review pursuant to a commercial promissory note. The defendant has indicated that he wishes to treat the motions as motions to dissolve or reduce the attachments. At a hearing conducted on February 10, 1992, he relied on the following grounds:
1. the plaintiff's failure to provide a notice of the defendant's right to seek to have the first attachment dissolved;
2. the plaintiff's possession of a prior mortgage in an amount sufficient to secure its claim.
The court heard the motions to dissolve in the above captioned case at the same hearing at which it heard claims as to a separate note signed by Nicholas Pelliccio as guarantor, Branford Savings Bank v. Joseph L. Pelliccio, Docket No. CV 323545. The first ground raised by the defendant herein was adjudicated in the other suit, and the court rejects it for the reasons set forth in its memorandum of decision therein.
The court also incorporates by reference its discussion in Docket No. 323545 of the standard of probable cause applicable to motions to dissolve an attachment.
The note upon which the plaintiff bank has brought suit in the above-captioned case is an adjustable rate mortgage note in the principal amount of $775,000.00, signed by the defendant, Nicholas J. Pelliccio. (Ex. A). The note recites CT Page 1195 that it is secured by a first mortgage on certain premises on Fulton Street in New Haven and on Burnham Street in South Windsor.
The plaintiff has not brought suit to foreclose on the mortgage as to either property but has elected to sue on the note, and has filed attachments in the amount of $862,448.84, first in September 1991 and then in January 1992, such that the bank has both a mortgage and two attachments as to each of the two properties.
The note contains an acknowledgment that the loan is a commercial transaction and a statement that the maker waives his right to a statutory notice and a hearing. It also provides for interest at an indexed variable rate and for late charges and collection costs in the event of default.
The plaintiff presented testimony to the effect that the note is in default and that the following amounts are now due.
 Principal $ 770,440.72 Interest $ 84,615.08 (as of 2-6-92) Collection Costs $ 5,000.00
A lender may elect either to sue on a note or foreclose the mortgage that secures the indebtedness memorialized by the note. See, eg., Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152
(1981).
Prejudgment attachments are available in actions both at law and in equity pursuant to 52-278b C.G.S. The plaintiff has chosen to proceed in an action on the note and has established probable cause in that it will recover at least $862,448.84. inclusive of late charges, projected accrued interest before judgment, and costs of collection. The defendant has offered no authority to support his claim that a creditor who chooses to sue on a note rather than foreclose a mortgage is precluded from attaching the mortgaged premises or that such an attachment may be only in the amount by which the debt exceeds the value of the mortgaged property.
Accordingly, the motion to reduce or modify the September 1991 attachment is denied. The January 1992 attachments represent an attempt to attach in excess of the probable debt and the motion to dismiss those attachments is granted.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT